212    APPELLATE COURTS OF ILLINOIS.

Road Dist. No. 5 Scott Co. v. Scott Co. L. & D. Dist. 201 Ill. App. 212.

## Road District No. 5, Scott County, Illinois, Appellant, v. Scott County Levee & Drainage District, Appellee.

1. DRAINAGE, § 94*—*when mandamus does not lie to compel commissioners to construct bridge.* Where a contractor, having a contract with drainage commissioners for the construction of a levee, dug a ditch across a highway in direct violation of the terms of his contract and against the express instructions of the commissioners, *held* that a road district, under whose jurisdiction the highway was, could not by mandamus compel the commissioners to construct a bridge across the ditch.

2. MANDAMUS, § 6*—*when writ of awarded.* A writ of mandamus will not be awarded except when a clear right is shown to have the thing done which it is sought thereby to have done.

Appeal from the Circuit Court of Scott county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916. *Certiorari* denied by Supreme Court (making opinion final).

JOHN McKEENE, RAY ANDERSON and B. H. MATTHEWS, for appellant.

J. M. RIGGS and WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant, a road district, filed its petition in the Circuit Court of Scott county for a mandamus to compel appellee, a levee and drainage district, to construct and maintain a bridge or other suitable crossing over a ditch which the petition alleges was excavated across the highway by appellee. Issues were formed on the petition and the answer thereto and, after a hearing, the prayer of the petitioner was denied and judgment was rendered against the petitioner for costs. The petitioner appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The weight of the evidence strongly tends to show that appellee, acting through its duly authorized commissioners, let a contract for the construction of a levee along a line that crossed a highway in the district controlled by appellant, at a point near which it is now sought to compel appellee to build the bridge or crossing in question; that such contract was later assigned to one Fred F. Traut, who proceeded to perform it; that it was understood between Traut and appellee's commissioners that the work should be performed by the use of a machine called a "drag line," which is "an excavator that operates on the land as distinguished from a dredge boat which floats"; that neither the plans or contract contemplated making any excavation in the roadway, but, on the contrary, it was expressly understood between the commissioners of appellee and Traut, that no excavation should be made therein; that the work was performed by the use of a drag line until it was completed from the starting point to the roadway in question, when the machine was raised and conveyed over the roadway without disturbing it, and the construction of the levee on the other side of the road was commenced and was continued with the drag line until that machine gave out, when Traut, in violation of the express understanding between himself and appellee's commissioners, undertook to complete the work with a floating dredge which he had been operating on or near the Illinois River; that when he had brought his dredge to the road in question, the commissioners of appellee met Traut and expressly directed him not to cut through the road; that the contract provided that the work should be done under the direction and subject to the approval of appellee; that in spite of, and contrary to, the express directions of appellee's commissioners and in their absence, Traut cut a trench through the highway wide enough to permit the passage of his dredge and took it through; that

214    APPELLATE COURTS OF ILLINOIS.

Road Dist. No. 5 Scott Co. v. Scott Co. L. & D. Dist. 201 Ill. App. 212.

it was not necessary to cut through the road in order to construct the levee according to contract, but was a mere matter of convenience for Traut; that afterwards Traut filled in the cut through the road with earth to about, if not quite, its original height and width; that later an unusual amount of water came down and washed out the fill; that Traut again filled it; that after it was so filled the road was used by the general public for travel and that some weeks after it was filled it again washed out.

The theory of appellant in the frame of its petition, at the trial and in its argument here, is that appellee excavated the cut across the road at the point in question. This the evidence fails to show, but it does show that Traut did it purely for his own convenience and in open violation of the express directions of appellee's commissioners and in their absence, and when it was not necessary in the doing of the work contracted for. Upon the facts disclosed in this record it cannot be held that a clear right to compel appellee to build the bridge or crossing desired is shown. Under the familiar rule that a writ of mandamus will never be awarded except when a clear right is shown to have the thing sought, done, the writ in this case was properly denied. The authorities cited by appellant to the effect that where excavations across a highway are made by a drainage district it must construct a bridge or suitable crossing over it are not in point. The ditches in those cases were part of the drainage system contemplated by those who formed the district, and were constructed by the district.

In the case at bar neither appellee nor its commissioners or Traut were authorized to excavate across the road in question. Even if appellee's commissioners had made or directed Traut to make the excavation complained of, the same not being necessary in the building of the levee, it would still be doubtful if appellee would be liable for such acts, or bound to restore

the road, or bridge the excavation, for it has been held that a drainage district is not liable for unauthorized acts of its commissioners. *Bradbury v. Vandalia Levee & Drainage Dist.,* 236 Ill. 36-46.

Considerable has been said in the argument of this case as to who is responsible for diverting the water that runs through the excavation in question, and who is liable to respond in damages for the injury to the road. Those are questions not involved in this litigation, and we do not decide them. What we do hold is that the averments of the petition are not supported by the proof, and that appellant has not by this record shown a clear right to the relief sought by its petition. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*